## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| ALEXIS PITTS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 5:26-CV-23(CAR) |
| WELLS FARGO BANK, NATIONAL | : | |
| ASSOCIATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER GRANTING DEFENDANT'S UNOPPOSED
### MOTION TO COMPEL ARBITRATION

Plaintiff Alexis Pitts filed this action against Defendant Wells Fargo Bank, National Association, alleging employment-related claims under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). As a condition of employment, Plaintiff entered into a Mutual Arbitration Agreement with Defendant which requires "that any legal Claims arising out of [Plaintiff's] application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration."[1]

Arbitration is simply a matter of contract.[2] Given arbitration requires consent, a court presented with a motion to compel arbitration must assess three factors: (1) whether a valid

---

[1] Wells Fargo Mutual Arbitration Agreement [Doc. 6-1].
[2] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).

agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. It is undisputed that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), applies to this valid arbitration agreement, that Plaintiff's claims are within the scope of the agreement, and the right to arbitrate has not been waived.  Because the FAA governs the dispute between the parties, the Court is obligated to compel arbitration.[3]

Defendant's Unopposed Motion to Compel Arbitration [Doc. 6] is **GRANTED**. Plaintiff must submit all claims asserted in this action to binding arbitration in accordance with the parties' Mutual Arbitration Agreement, and this case is hereby **STAYED** pending the completion of arbitration.[4]

The parties are **ORDERED** to notify the Court when arbitration has been completed and whether the stay should be lifted or the case dismissed within seven (7) days of the conclusion of arbitration. The parties are also **ORDERED** to file a joint report on the status of arbitration on May 28, 2026, and every ninety (90) days thereafter until arbitration concludes.

**SO ORDERED**, this 27th day of February, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] *See* 9 U.S.C. § 4; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

[4] *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").